IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LARRY J DUANE SPENCER,

               Plaintiff,

      v.

JOSEPH L. SOMMERS, ANN SAYLES,
STUART A. SCHWARTZ, DAVID KNOLL,
CHRISTOPHER DUREN, PAUL NESSON JR,
TIMOTHY DAVID EDWARDS, JENNIFER HARPER,
GREGORY DUTCH, STAN KAUFMAN,
JAY LAUFENBERG, MARY JONES,
FRANK EARL RADCLIFF, ROY U. SCHENK,
CINDY S. GEOFFREY, MELISSA HARNESS,
JOHN RADOVAN, ROSA I AGUILU,
BRIAN BLANCHARD, GARY H. HAMBLIN,
JOHN PIER ROEMER, KAREN KRUGGER,
MARIANNE SIMPSON, ANA M. BOATWRIGHT,
TAMMY J. SIME, MS BURNS, MS RICHARDSON,
RANDALL HEPP, NANCEY GANTHER,
CAPT. KANNANBERG, CAPT GUARCEAU,
MR JAEGER, MS TEGELS, C.O. KRATKY,
SANDY K. MAGUIR-PETKE, C.O. RYBUCK, MS RICK,
TERRY L. SHUK, C.O. CORBIN, DAWON JONES,
JAMES ISAACSON, ROY LA BARTON GAY,
D.O. WATSON, TODD E. MEURER,
PEGGY L. NICHOLES, STACEY A. BIRCH,
BRENDA L. PETERSON, SHEILA D. PATTEN,
DOCTOR HANNULA, MR SWEENEY
and DEPARTMENT OF CORRECTIONS

               Defendants.

ORDER

10-cv-288-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

1

On June 4, 2010, this court assessed plaintiff Larry Spencer a $1.65 initial partial payment of the $350 filing fee and gave him until June 28, 2010, in which to make the payment.  Since that time, plaintiff has submitted numerous motions including a "Notice to the Court that Defendants Sent this Court a Fraudulent 6 Month Account Statement . . ." dated June 10, 2010, that I construe as a motion for waiver of the fee under 28 U.S.C. § 1915(b)(4).  In support of his motion, plaintiff has submitted a trust fund account statement showing he has $0.00 in his regular account and he asks the court to note that he is "pennyless."  The motions must be denied because plaintiff's trust fund account statement reveals that he does not qualify for waiver of the fee under § 1915(b)(4).

Under § 1915(b)(4), a prisoner may not be prohibited from bringing a lawsuit if "the prisoner has no assets and no means by which to pay the initial partial filing fee."  Plaintiff may think that he falls into the category of prisoners who have "no means" to make an initial partial payment, but controlling authority holds otherwise.  Plaintiff's immediate shortage of funds is not sufficient by itself to allow me to conclude that he lacks the means to pay the initial partial payment pursuant to § 1915(b)(4).  In Newlin v. Helman, 123 F.3d 429, 435 (7th Cir. 1997), the court of appeals stated,

> [I]t is not enough that the prisoner lack assets on the date he files.  If that were so, then a prisoner could squander his trust account and avoid the fee.  Section 1915(b)(4) comes into play only when the prisoner has no assets and no means by which to pay the initial partial filing fee.  A prisoner with periodic income has "means" even when he lacks "assets."

In measuring periodic income, § 1915 requires courts to look backward in time rather than forward.  In other words, in determining whether a prisoner has the means to pay, the court cannot consider representations the prisoner makes about his future income or lack of it.  Rather, the court must look at the prisoner's income from the previous six months. 28 U.S.C. § 1915(a)(2).

Plaintiff's six-month trust fund account statement shows that he has received regular monthly deposits to his inmate account from his employment at the prison.  Although the statement shows also that these funds were immediately withdrawn to pay for federal and state court filing fees, under the law established in Newlin, it appears that plaintiff will have income to pay for the initial partial payment in this case.

The issue that remains is whether this court can expect to receive plaintiff's initial partial payment from the next deposit to his account.  The Seventh Circuit has not definitively ruled on the question whether jails and prisons may ignore a plaintiff's obligations under the Prison Litigation Reform Act in favor of making payments on debts a prisoner owes to the county, the state or even his victims under a restitution program.  In Newlin, 123 F.3d at 435-36, the court of appeals suggested in dicta that prison officials are required by statute to give priority to federal court filing fees: "[initial partial payment] should have been immediate, and its collection should have come off the top of the next deposit of prison wages."

Although plaintiff asserts that he cannot pay the assessed amount, there is no reason

to believe that he will be unable to pay the initial partial payment in this case from the next deposit to his account. Plaintiff has not submitted proof that he showed prison officials this court's June 4 order or that he sent a disbursement request to the prison business office and that his request was denied. Plaintiff should show a copy of this order to prison officials to insure that they are aware they should send his initial partial payment to this court. If he does so and his request for disbursement is denied, plaintiff would be free to write to the court and submit proof that his request was denied. In that event, the court could then consider asking the warden of the Stanley Correctional Institution to look into the matter and explain in writing the reason for the denial of plaintiff's request for withdrawal of the initial partial payment. Now that plaintiff should better understand how he should proceed, I will give him an enlargement of time to July 23, 2010, in which to submit his initial partial payment. Once the court has received plaintiff's initial partial payment, his complaint and subsequent motions will be taken under advisement for screening pursuant to 28 U.S.C. § 1915(e)(2) to determine whether the case must be dismissed either because the complaint is frivolous or malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief.


ORDER

IT IS ORDERED that

1. Plaintiff Larry J Duane Spencer's motion for waiver of the $1.65 initial partial

payment of the filing fee in this case is DENIED.

2.  Plaintiff may have an enlargement of time to July 23, 2010, in which to submit a check or money order made payable to the clerk of court in the amount of $1.65.  If, by July 23, 2010, plaintiff fails to make the initial partial payment, the clerk is directed to close this file without prejudice to plaintiff's filing his case at a later date.

Entered this 6th day of July, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge