IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LARRY J DUANE SPENCER,

                                                                    ORDER
                            Plaintiff,

                                                               10-cv-288-bbc
            v.

JOSEPH L. SOMMERS, ANN SAYLES,
STUART A. SCHWARTZ, DAVID KNOLL,
CHRISTOPHER DUREN, PAUL NESSON JR,
TIMOTHY DAVID EDWARDS, JENNIFER HARPER,
GREGORY DUTCH, STAN KAUFMAN,
JAY LAUFENBERG, MARY JONES,
FRANK EARL RADCLIFF, ROY U. SCHENK,
CINDY S. GEOFFREY, MELISSA HARNESS,
JOHN RADOVAN, ROSA I AGUILU,
BRIAN BLANCHARD, GARY H. HAMBLIN,
JOHN PIER ROEMER, KAREN KRUGGER,
MARIANNE SIMPSON, ANA M. BOATWRIGHT,
TAMMY J. SIME, MS BURNS, MS RICHARDSON,
RANDALL HEPP, NANCEY GANTHER,
CAPT. KANNANBERG, CAPT GUARCEAU,
MR JAEGER, MS TEGELS, C.O. KRATKY,
SANDY K. MAGUIR-PETKE, C.O. RYBUCK, MS RICK,
TERRY L. SHUK, C.O. CORBIN, DAWON JONES,
JAMES ISAACSON, ROY LA BARTON GAY,
D.O. WATSON, TODD E. MEURER,
PEGGY L. NICHOLES, STACEY A. BIRCH,
BRENDA L. PETERSON, SHEILA D. PATTEN,
DOCTOR HANNULA, MR SWEENEY, GOVERNOR
DOYLE, Sec. RICK RAEMISCH, Atty. General J.B. VAN
HOLLEN, JEFFREY PUGH and JOHN DOE,

                            Defendants.

1

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this prisoner civil rights lawsuit, plaintiff Larry J. Duane Spencer contends that the 55 defendants have worked together to injure him in violation of the Racketeer Influenced Corrupt Organizations Act, 18 U.S.C. §§ 1961–68 and more than 30 other laws, regulations and rules.  Plaintiff has requested leave to proceed without prepayment of fees and has paid the required initial partial filing fee.

Because plaintiff is a prisoner, the 1996 Prison Litigation Reform Act requires the court to deny leave to proceed if he has had three or more lawsuits or appeals dismissed for lack of legal merit, or if his complaint is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages.  28 U.S.C. § 1915(e).  However, plaintiff is also a pro se litigant, which means his complaint will be construed liberally as it is reviewed for these potential defects.  Haines v. Kerner, 404 U.S. 519, 521 (1972).

Before plaintiff's complaint could be screened, he filed an amended complaint that appears to be simply a typed version of the original complaint with minor additions.  I will accept the amended complaint, dkt. #5, as the operative pleading.  However, it is not possible to reach the merits of plaintiff's amended complaint because it violates Fed. R. Civ. P. 8, which requires that a complaint (1) set forth a "short and plain statement of the grounds for the court's jurisdiction . . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ."

2

Under Rule 8(d), "each allegation must be simple, concise and direct."

Plaintiff's 35-page, single-spaced amended complaint is anything but "short and plain."  As is often the case with such a long-winded effort, it includes many allegations but fails to include the important ones, which are the allegations that identify exactly what plaintiff believes each defendant did to injure him.  A plaintiff must allege sufficient facts to give each defendant fair notice of the wrongdoing charged against him so that he can file an answer.  Higgs v. Carver, 286 F.3d 437, 439 (7th Cir. 2002); see also Vicom, Inc. v. Harbridge Merchant Services, Inc., 20 F.3d 771, 775-76 (7th Cir. 1994) (courts are empowered to dismiss excessively wordy or confusing complaints when such complaints "make[] it difficult for the defendant to file a responsive pleading and make[] it difficult for the trial court to conduct orderly litigation.").

Not only is the complaint short on explaining what defendants did, it is also short on explaining the context in which defendants acted, such as where and when  they acted and what was going on when they acted.  Quite often plaintiff provides no context whatsoever.  His introductory paragraph is representative:

> Joseph Sommers DEF 1 did factually testify and provided witnesses and investgators' work record[s] under oath dated August 3rd 2001 case No. 01-CF-1125 that "the Plaintiff Larry Spencer was not involved."  Plaintiff Spencer had not met Roy Schenk DEF 14 until December 18th 2000.  Joseph Sommers DEF 1 Testified Plaintiff Spencer worked for Frank Radcliff DEF 13 and did not meet Roy Schenk DEF 14 until John Radovan DEF 17 introduced them after I reported that I believed my boss was involved in misconduct of his job with Roy Schenk DEF 14.

Dkt. #5, at 6. Plaintiff does not explain who each defendant is or what is happening between him and them. In this case, other similarly confusing allegations can be patched together to suggest that Sommers may have been his defense attorney and Schenk and Radcliff may have been co-defendants in criminal proceedings against plaintiff, but even that is not clear. Exactly what these defendants did to injure him never becomes clear.

Plaintiff appears to assume that the person reading his complaint will know who all the defendants are and what they did, perhaps because he has repeated his story so often in other proceedings. (I say more on this below.) That is a mistake. He should treat his complaint as though he were describing what happened to him to someone who has never heard anything about it before.

Rule 8 is not plaintiff's only problem. Fed. R. Civ. P. 20(a) governs the number of parties a plaintiff may join in any one action. It provides that multiple defendants may be sued together when the injuries each defendant allegedly caused plaintiff arise out of "the same transaction, occurrence, or series of transactions or occurrences" and there is "any question of law or fact common to all defendants." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); 3A Moore's Federal Practice ¶ 20.06, at 2036-2045 (2d ed. 1978). Generally, under Rule 20 a plaintiff may not bring a single lawsuit against different defendants for different incidents.

Plaintiff's complaint includes many different claims against many different defendants, including claims related to: problems with his criminal conviction and

4

sentencing; theft of his property; interference in his attempts to litigate different cases; destruction of his files; exposure to attack for being publicized as a "snitch"; separation from another inmate; monopolization of canteen stores; threats; "ransom demands" for his personal documents; broken prescribed sunglasses; inadequate treatment of his heart problems; problems with a dental surgery; denial of his request for an extra mattress; and failure to use "soft cuffs" instead of standard cuffs on him.  Plaintiff identifies different sets of defendants related in one way or another with each of these alleged wrongs, and there is no reason to think that these separate incidents over the years arise out of the same series of transactions.

Perhaps plaintiff thinks he can group his claims together because he is alleging a conspiracy.  However, his allegations come nowhere near tying these unrelated incidents into a larger scheme.  The fact that plaintiff *says* that defendants are conspiring together does not allow the court to infer that they actually are because plaintiff's statement is not supported by *facts* explaining why he thinks they are conspiring together.  As the Supreme Court explained in Aschcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009), in determining whether the details in the complaint satisfy this standard, a district court should disregard "mere conclusory statements" and consider only the factual allegations.  Cf. Cooney v. Rossiter, 583 F.3d 967, 970-71 (7th Cir. 2009) ("[C]onspiracy allegations [are] often held to a higher standard than other allegations; mere suspicion that persons adverse to the plaintiff had joined a conspiracy against him or her [is] not enough.")

5

Aside from his conclusory statements that defendants are conspiring against him, plaintiff also alleges that defendants "plan together how to maximize the[ir] overtime" and points to an email between a group of defendants in which one recommended to the others that plaintiff's legal mailings be sent out only if he can show that a court actually requires it or a case is actually open on the matter. However, neither of these allegations show that the parties were conspiring generally to visit all the alleged harms upon him. There is simply no way to treat this as a "single case."

Thus, plaintiff should consider which claim or related group of claims he wishes to pursue. If he attempts to proceed on multiple unrelated claims, his case will be severed and he will be required to pay a separate filing fee for each additional case.

The Rule 8 and Rule 20 problems can be fixed. Plaintiff will have a chance to file a second amended complaint that addresses the problems that I have identified in this order. However, there appears to be a deeper problem with many of his claims that he should consider as he attempts to make these changes. His complaint focuses on the mishandling of his criminal case, which led to a conviction and the 29-year sentence he is serving. However, as the Supreme Court has held, prisoners may not challenge the fact of their confinement or their convictions under 42 U.S.C. § 1983 or other civil actions for damages. Rather, after exhausting their state court remedies, they must bring a petition for a writ of habeas corpus under 28 U.S.C. § 2254, which "is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier

6

release." Heck v. Humphrey, 512 U.S. 477, 481 (1994) (citing Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973)).  Plaintiff identifies 28 U.S.C. § 2255 as one of the more than 30 laws and regulations that he identifies as being applicable in this case.  Even assuming he intended to cite § 2254 instead of § 2255 (which applies only to federal convictions), he cannot include his habeas claim in his civil action for damages.  He must bring a separate habeas claim to challenge matters related to his conviction or his sentence.

Not all of his allegations relate to his conviction or sentence, so his complaint will not be dismissed as barred by Heck.  Instead, he may have until December 20, 2010 to file a second amended complaint that complies with Rules 8 and 20.  If he fails to do so, his complaint will be dismissed for failure to state a claim upon which relief may be granted.

ORDER

IT IS ORDERED that plaintiff Larry Spencer's request for leave to proceed is STAYED.  Plaintiff may have until December 20, 2010 in which to file a second amended complaint that complies with Fed. R. Civ. P. 8 and 20.  If he fails to do so, his complaint will be dismissed for failure to state a claim upon which relief may be granted.

Entered this 30th day of November, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

7